MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California  94102
    Telephone:  (415) 436-6959
    Facsimile:   (415) 436-6753
    E-mail: william.frentzen@usdoj.gov

Attorneys for United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 14-0528 YGR (DMR) |
|---|---|---|
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| CHARLES ACOSTA, | ) | |
| Defendant. | ) | |

This matter came before the Court on November 21, 2014, for a detention hearing. Defendant Acosta was present and represented by counsel, Jeffrey Bornstein. Assistant United States Attorney William Frentzen appeared for the government.

Pretrial Services submitted a report to the Court and the parties that recommended detention, and a representative of Pretrial Services was present at the hearing. The government moved for detention, and defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

DETENTION ORDER
CR 14-528 YGR (DMR)

Upon consideration of the facts, proffers and arguments presented, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community. Accordingly, the Court concludes that defendant must be detained pending trial in this matter.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Court makes the following findings as basis for its conclusion that no condition or combination of conditions will reasonably assure the safety of other persons and the community as to defendant Acosta. First, while the Court considers the facts of the instant case to be the least important factor in its determination regarding detention, this case involves a firearm allegedly possessed at a time when the defendant was a felon and was on state imposed conditions of release. According to agents and his tattoos, Acosta is involved with the Hells Angels Motorcycle Club. Second, the defendant has a lengthy criminal history. While that criminal history resulted mostly in misdemeanor convictions and relatively light sentences, the defendant has repeatedly violated conditions imposed on him by other Courts. Those previous violations of conditions include the defendant previously committing a new state offense while on pretrial supervision for a Federal RICO charge out of the District of Nevada. Third, the instant charges allege firearm possessions. For these reasons and those stated on the record at the detention hearing, the Court deems defendant Acosta to present a risk of danger to other persons and the community that cannot be mitigated adequately by conditions of release.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the

government, the person in charge of the corrections facility in which defendant is confined shall deliver defendants to an authorized deputy United States marshal for the purpose of any appearance in connection with a court proceeding.

SO ORDERED.

Dated: January 7, 2015

_____
HONORABLE DONNA M. RYU
United States Magistrate Judge